**FILED**
**DEC - 8 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: **CR -11-356** |
| v. | : | |
| IRFAN DEMIRTAS,<br>  also known as Nasrullah, | : | <u>UNDER SEAL</u> |
| Defendant. | : | |

### MOTION TO SEAL INDICTMENT AND RELATED DOCUMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to place under seal until further order of the Court the Indictment for Irfan Demirtas, also known as Nasrullah (hereinafter referred to as "the defendant"), in the above-captioned case, as well as any related documents, the Government's Motion to Seal and the Court's Order sealing the aforesaid documents. In support of its motion, the government states as follows:

1.  The sealing of a case is appropriate where there exists an extraordinary situation and a compelling governmental interest. See <u>Washington Post v. Robinson</u>, 935 F.2d 282, 289 (D.C. Cir. 1991), such as, taking a defendant into custody, <u>see</u> <u>United States v. Michael</u>, 180 F.2d 55, 57 (3d Cir. 1949); <u>see also</u> <u>United States v. Sharpe</u>, 995 F.2d 49 (5th Cir. 1993); <u>United States v. Southland Corp.</u>, 760 F.2d 1366, 1379-80 (2d Cir. 1985); <u>U.S. v. Lyles</u>, 593 F.2d 182 (2d Cir. 1979) (a charging document may be sealed for any legitimate prosecutorial reason, including to take the defendant into custody and bring him or her before the court), or protecting

an ongoing criminal investigation. See generally Globe Newspaper v. Superior Court, 457 U.S. 596, 606-07 (1982); Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1985); Christopher K. Descherer & David L. Fogel, *Criminal Procedure Project*, 84 Geo. L. J. 1115, 1226 (1996) (courts have found the protection of ongoing government investigations as a sufficiently compelling interest to justify sealing).

2.	Today, the United States anticipates that an Indictment will be returned against the defendant, charging him with Providing Material Support to Terrorists, in violation of 18 U.S.C. §§ 2339A and 2; Providing Material Support or Resources to a Designated Terrorist Organization, in violation of 18 U.S.C. §§ 2339B and 2; Receiving Military-Type Training from a Foreign Terrorist Organization, in violation of 18 U.S.C. §§ 2339D and 2; and Using, Carrying, Possessing, Brandishing or Discharging a Firearm during and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (B). The United States further anticipates that the Court will grant its request for an Arrest Warrant to be issued today for the arrest of the defendant on this Indictment.

3.	The Indictment in this case charges the defendant with providing material support to the Islamic Movement of Uzbekistan ("IMU"), an entity that has been designated by the United States Department of State as a foreign terrorist organization since September 2001. The IMU was formed in 1991 with initial purpose of overthrowing the government of Uzbekistan and installing an Islamic state. The IMU membership consists of well-armed Sunni Islamic radicals of Middle Eastern descent, primarily from Uzbekistan. The IMU has allied itself with the Taliban, the former government of Afghanistan, and *Al Qaeda*, another designated foreign terrorist organization. It is currently operating in Afghanistan and Pakistan as an insurgent

movement targeting the government of Afghanistan and its allies, including the United States. The IMU has publically advocated violence against civilians as well as the United States. In addition to controlling a well-armed and committed army, the IMU has a significant international presence – existing throughout the Middle East and Europe.

4. Additionally, the defendant, a Turkish-Dutch citizen, played an important role in the IMU. During the charged conduct, he was living in The Netherlands where he acted as the IMU's European-based representative. He raised money and recruited fighters on behalf of the IMU in Europe and Turkey. He also traveled to Pakistan, where he met directly with the IMU leadership, delivering to it cash and recruits. These recruits received military training at an IMU camp in Pakistan. The defendant is currently incarcerated in France.

5. The investigation is ongoing. Many of the defendant's IMU associates, particularly the IMU leadership remains at large in Pakistan and throughout the world. Additionally, much of the evidence and many of the witnesses to this offense and/or their families remain outside the United States and subject to the reach of the IMU. The public disclosure of the Indictment at this time would heighten the risk of the destruction of evidence, threaten the safety of witnesses and their families, and encourage the flight of co-defendants. Each of these factors is particularly important in this instance because of the violent propensity and capability of the IMU.

6. The government submits that these factors present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment and related documents. Accordingly, the United States requests that the Court issue an Order sealing the Indictment, related documents, this Motion, and the Order to Seal, until further Order of the

Court.

7.      In addition, we request that the sealing Order permit disclosure of the Indictment, related documents, and Order to Seal to appropriate law enforcement, diplomatic, intelligence, military, INTERPOL or other personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of national security, efforts to obtain custody of or detain the defendant, or discussions relating to the defendant's custodial status or detention.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Indictment, related documents, this Motion, and the Order to Seal, until further Order of this Court. A proposed Order is submitted herewith.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447-889

By: _____
MICHAEL C. DILORENZO
Assistant United States Attorney
MD Bar No. 9312140189
National Security Section
United States Attorney's Office
555 4th Street, N.W. – Room 11-443
Washington, D.C.  20530
(202) 252-7809
Michael.Dilorenzo@usdoj.gov

Dated: December 7, 2011