**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Holding a Criminal Term

Grand Jury Sworn in on November 12, 2010

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **IRFAN DEMIRTAS,** | : | **18 U.S.C. § 2339A** |
| also known as Nasrullah, | : | **(Providing, Attempting to Provide and Conspiring to Provide Material Support to Terrorists)** |
| | : | |
| | : | **18 U.S.C. § 2339B** |
| | : | **(Providing, Attempting to Provide and Conspiring to Provide Material Support or Resources to a Designated Terrorist Organization)** |
| **Defendant.** | : | |
| | : | **18 U.S.C. § 2339D** |
| | : | **(Receiving Military-Type Training from a Foreign Terrorist Organization)** |
| | : | |
| | : | **18 U.S.C. §§ 924(c)(1)(A) and (B)** |
| | : | **(Using, Carrying, Possessing, Brandishing, or Discharging a Firearm during and in Relation to a Crime of Violence)** |
| | : | |
| | : | **18 U.S.C. § 2** |
| | : | **(Aiding and Abetting and Causing an Act to Be Done)** |

## <u>I N D I C T M E N T</u>

The Grand Jury charges that:

## COUNT ONE

At all times material to this Indictment:

1. All of the acts referred to in this Indictment were begun and committed in Pakistan, Afghanistan, Turkey, Jordan, The Netherlands, France, and elsewhere outside the jurisdiction of any particular state or district of the United States, but within the extraterritorial jurisdiction of the United States and, therefore, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia.

2. The Islamic Movement of Uzbekistan ("IMU") is a militant Islamic group, which was formed in 1991 with the stated purpose to overthrow the government of Uzbekistan and to create an Islamic state under Islamic law. Since its inception, the IMU has been conducting military operations in Uzbekistan, Afghanistan, and Pakistan. In approximately 2000, the IMU allied itself with the Taliban, a radical Sunni Islamist movement that governed Afghanistan from 1996 until late 2001. In 2001, a U.S.-led military coalition removed the Taliban from power in Afghanistan. A lawful government was thereafter elected by the people of Afghanistan. The IMU continued to exist in Afghanistan and Pakistan as an armed insurgency movement against the legitimate government of Afghanistan and its allies, including the armed forces of the United States.

3. The IMU has been designated a Foreign Terrorist Organization by the United States Department of State since September 25, 2001.

4. Defendant **IRFAN DEMIRTAS**, **also known as Nasrullah,** hereinafter referred to as "defendant **DEMIRTAS**," is an IMU fundraiser and facilitator. He is a citizen of Turkey and The Netherlands and a resident of The Netherlands.

5. Beginning at least in or about January 2006, and continuing through in or about May 2008, in Pakistan, Afghanistan, Turkey, Jordan, The Netherlands, France, and elsewhere outside the United States, defendant **DEMIRTAS** did unlawfully, willfully and knowingly provide, attempt to provide, and conspire to provide material support and resources, to wit, personnel and funding, and did conceal and disguise the nature, location, source, and ownership of the material support and resources, knowing and intending that they were to be used in preparation for and in carrying out, a violation of Title 18, United States Code, Sections 2332 (relating to certain homicides and other violence against United States nationals occurring outside the United States), 1114 (relating to the killing and attempted killing of officers and employees of the United States), and 2339D (relating to military-type training from a foreign terrorist organization).

(**Providing, Attempting to Provide and Conspiring to Provide Material Support to Terrorists**, in violation of Title 18, United States Code, Section 2339A; **Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 18, United States Code, Section 2)

## COUNT TWO

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs numbered 1 through 4 of Count One of this Indictment.

2. Beginning at least in or about January 2006, and continuing through in or about May 2008, in Pakistan, Afghanistan, Turkey, Jordan, The Netherlands, France, and elsewhere outside the United States, defendant **DEMIRTAS** did unlawfully, willfully and knowingly provide, attempt to provide, and conspire to provide material support and resources, to wit,

personnel and funding, to a foreign terrorist organization – to wit, the Islamic Movement of Uzbekistan, knowing that it is a designated terrorist organization, it has engaged and engages in terrorist activity, and that it has engaged and engages in terrorism.

(**Providing, Attempting to Provide and Conspiring to Provide Material Support or Resources to a Designated Terrorist Organization**, in violation of Title 18, United States Code, Section 2339B; **Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 18, United States Code, Section 2)

## COUNT THREE

1.      The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs numbered 1 through 4 of Count One of this Indictment.

2.      Beginning at least in or about January 2006, and continuing through in or about May 2008, in Pakistan, Afghanistan, Turkey, Jordan, The Netherlands, France, and elsewhere outside the United States, defendant **DEMIRTAS,** did unlawfully, willfully and knowingly receive and cause others to receive military training from and on behalf of an organization designated at the time of the training as a foreign terrorist organization – to wit, the Islamic Movement of Uzbekistan, knowing that it is a designated terrorist organization, it has engaged and engages in terrorist activity, and that it has engaged and engages in terrorism.

(**Receiving Military-Type Training from a Foreign Terrorist Organization**, in violation of Title 18, United States Code, Section 2339D; **Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 18, United States Code, Section 2**)**

## COUNT FOUR

1. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs numbered 1 through 4 of Count One of this Indictment.

2. Beginning at least in or about January 2006, and continuing through in or about May 2008, in Pakistan, Afghanistan, Turkey, Jordan, The Netherlands, France, and elsewhere outside the United States, defendant **DEMIRTAS** did knowingly use, carry, possess, brandish and discharge, and cause others to use, carry, possess, brandish and discharge firearms as defined in Title 18, United States Code, Section 921(a), that is, Kalishnikov assault rifles, machine guns – to wit, PK machine guns – and destructive devices – to wit, rocket propelled grenades – during and relation to and in furtherance of a crime of violence for which one may be prosecuted in a court of the United States, that is, providing material support to terrorists, as set forth in Count One of this Indictment, providing material support and resources to a designated terrorist organization, as set forth in Count Two of this Indictment, and receiving military-type training from a foreign terrorist organization, as set forth in Count Three of this Indictment.

(**Using, Carrying, Possessing, Brandishing or Discharging a Firearm during and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Sections 924 (c)(1)(A) and (B); **Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 18, United States Code, Section 2**)**

A TRUE BILL


FOREPERSON


Attorney of the United States in
and for the District of Columbia

-5-